# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  4:02CR178** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge Peter C. Economus** |
| | ) | |
| **MICHAEL FERNANDEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

On December 17, 2002, the Defendant, Michael Fernandez, was sentenced to ninety (90) months imprisonment, followed by three (3) years of supervised release, for being a felon in possession of a firearm, a Class C felony.  His supervised release commenced on September 29, 2008.

On or about June 8, 2009, the Defendant's probation officer submitted a violation report alleging three violations of the terms of supervised release.  On or about January 13, 2010, the probation officer submitted a Superceding Violation Report, alleging the following violations of the terms of supervised release:

1. Unauthorized Use of Drugs- On 05/10/2009 and 05/21/2009, Mr. Fernandez's urine specimens tested positive for cocaine.

2. Failure to participate in substance abuse treatment.

3. Failure to report to the U.S. Probation Officer.

4. Law Violation - On 12/08/2009, Mr. Fernandez was convicted of Possession of Cocaine (F4) in the Mahoning County Court of Common Pleas, Case No 09CR1096.

The matter was referred to Magistrate Judge James S. Gallas to conduct the appropriate proceedings, except for sentencing, and to prepare a report and recommendation. The Defendant appeared before the Magistrate for an initial appearance on February 9, 2010, and was represented by counsel Carolyn Kucharski. At the hearing, the Defendant admitted to violations one through four. The Magistrate has issued a report and recommendation, recommending that the Court find that the Defendant has violated the terms of his supervised release. (Dkt. # 47).

The Court has reviewed the Magistrate's report and recommendation and finds that it is well-supported. The Defendant has admitted violations one through four of the probation officer's violation report. As a result, the Court finds that the Defendant has violated the terms of his supervised release. Because violation number four involves drug possession, pursuant to 18 U.S.C. § 3583(g)(1), the Court must revoke the term of supervised release and require the defendant to serve a term of imprisonment, subject to the exception listed in 18 U.S.C. § 3583(d). Subsection (d), provides that "the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception."

The Court has considered the statutory maximum sentence of two years pursuant to 18 U.S.C. § 3583(e)(3). The Court has also considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing sentence. The guideline range is 21 to 27 months pursuant to U.S.S.G. § 7B1.4(a). Furthermore, the Court has considered the factors for sentencing listed in 18 U.S.C. §

3553(a) and 3583(d).

The Court hereby **ADOPTS** the Magistrate's Report and Recommendation. (Dkt. # 47).  Based on this Court's review of all relevant factors, the Court hereby orders that the Defendant's supervised release is **REVOKED**, and the Defendant is sentenced to eighteen (18) months imprisonment.  It is the recommendation of the Court that, while incarcerated, the Defendant participate in an intensive drug treatment program.  Furthermore, the Defendant's remaining term of supervised release is hereby terminated.

**IT IS SO ORDERED.**


Issued: March 1, 2010                    s/ Peter C. Economus
                                         PETER C. ECONOMUS
                                         UNITED STATES DISTRICT JUDGE